IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Crystal Terry,<br><br>                    Plaintiff,<br><br>v.<br><br>Carolyn Colvin,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>2:14-CV-0632-EJF<br><br><br><br>Magistrate Judge Evelyn J. Furse |

    Plaintiff Crystal Terry filed this action asking this Court[1] to reverse or remand the final agency decision denying her Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401–434.  Ms. Terry alleged disability since July 23, 2012 due to depression, headaches, and musculoskeletal impairments related to her neck, low back, hips, and legs.  The Administrative Law Judge ("ALJ") determined that Ms. Terry did not qualify as disabled within the meaning of the Social Security Act.  (ECF No. 8, the certified copy of the transcript of the entire record of the administrative proceedings relating to Crystal Terry (hereafter "Tr. __")14.)  Having carefully considered the parties' memoranda, the complete record in this matter, and the oral argument, the Court REMANDS the Commissioner's decision.

## STANDARD OF REVIEW

    42 U.S.C. §§ 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA").  The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards.  42

---

[1] On November 17, 2014, the parties consented to the undersigned magistrate judge handling this case pursuant to General Order 07-001 and Fed. R. Civ. P. 73.  (ECF No. 17.)

U.S.C. §405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3).

Adequate, relevant evidence that a reasonable mind might accept to support a conclusion constitutes substantial evidence, and "[e]vidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).[2] The standard "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. "Evidence is not substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988) (internal quotations marks and citations omitted). Moreover, "[a] finding of 'no substantial evidence' will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (internal quotation marks and citations omitted).

Although the reviewing court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax,* 489 F.3d at 1084 (internal quotation marks and citations omitted). The court will "review only the *sufficiency* of the evidence." *Oldham v. Astrue,* 509 F.3d 1254, 1257 (10th Cir. 2007) (emphasis in original). The court does not have to accept the Commissioner's findings mechanically, but "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (internal

---

[2] Courts apply the same analysis in determining disability under Title II and Title XVI. *See House v. Astrue*, 500 F.3d 741, 742 n.2 (8th Cir. 2007).

quotation marks and citation omitted). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence,'" and the court may not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Lax*, 489 F.3d at 1084 (*quoting Zoltanksi v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

In addition to a lack of substantial evidence, the Court may reverse where the Commission uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thomson v. Sullivan*; 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## FIVE STEP ANALYSIS

The Social Security Act ("Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Moreover, the Act considers an individual disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A).

In determining whether a claimant qualifies as disabled within the meaning of the Act, the SSA employs a five-part sequential evaluation. *See* 20 C.F.R. §§ 404.1520; *Williams v.*

*Bowen*, 844 F.2d 748, 750-53 (10th Cir. 1988); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

The analysis evaluates whether:

(1) The claimant presently engages in substantial gainful activity;
(2) The claimant has a medically severe physical or mental impairment or impairments;
(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See* 20 C.F.R. §§ 404.1520.  The claimant has the initial burden of establishing the disability in the first four steps.  *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).  At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy.  *Id.*

Plaintiff raises the following issues:  whether the ALJ failed to evaluate Ms. Terry's credibility properly; whether the ALJ erred by failing to evaluate the medical opinion evidence properly; whether the ALJ erred by failing include all Ms. Terry's impairments in her residual functional capacity assessment; whether the ALJ erred by failing to consider Listing 1.04 properly.[3]

## I. Evaluation of Ms. Terry's Credibility

Ms. Terry argues the ALJ did not properly evaluate her credibility.  The Court agrees because the ALJ appears to have considered two factors without adequate support.

"'Credibility determinations are peculiarly the province of the finder of fact, and [a court] will not upset such determinations when supported by substantial evidence.'"  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir.1990)).  "However, '[f]indings as to credibility should be closely and

---

[3] By addressing only these points of alleged error in her opening brief, Ms. Terry waived any additional challenges to the ALJ's decision.  *See Anderson v. Dep't of Labor*, 422 F.3d 1155, 1182 n.51 (10th Cir. 2005) (failing to raise appeal issues in opening brief waives those points because doing so deprives the opponent of the opportunity to address the arguments).

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"

*Id.* (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988)).

In assessing Ms. Terry's credibility the ALJ writes as follows:

> The claimant's treatment history and the objective medical findings in the record do not fully support her allegations, which detracts from her credibility. Her medical records show that she suffers from obesity and deconditioning. Further, she lives in an isolated, rural, area with few job opportunities within her current abilities.

(Tr. 23.)  The Commissioner admits Ms. Terry's medical records do not show she is obese.  The ALJ's decision does not provide any explanation about how Ms. Terry's erroneously attributed obesity impacts her credibility.  Without knowing how consideration of this erroneous fact influenced the ALJ's decision, the Court cannot determine whether this consideration constituted harmless error.

For the reasons set forth above, the Court finds substantial evidence does not support the ALJ's evaluation of Ms. Terry's credibility.

## II. Evaluation of Treating Physician Medical Evidence

Ms. Terry argues the ALJ erred by failing to provide legitimate reasons for according no weight to the opinion of her treating medical provider Dr. Root.  The Court agrees.

An ALJ must evaluate every medical opinion.  20 C.F.R. §§ 404.1527(c), 416.927(c).  If the ALJ finds a treating physician's opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with the other substantial evidence in [the] case record," the ALJ must give the opinion controlling weight.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  When the ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider certain factors.  20 C.F.R. §§ 404.1527(c) and 416.927(c) provide these factors:

>    (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

See *Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003) (citation omitted). To reject a medical opinion, the ALJ must provide "'specific, legitimate reasons.'" *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (quoting *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996)). Yet the ALJ's decision need not discuss explicitly all of the factors for each of the medical opinions. See *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that a lack of discussion of each factor does not prevent the court from according the decision meaningful review).

Here, the ALJ did not accord controlling weight to Ms. Terry's treating medical provider's opinion. In deciding what weight to accord the treating physician the ALJ discussed the potential for a treating physician to be biased. Then the ALJ indicated confirming such bias is difficult; he points to no evidence in the record to support his concern but says bias is "more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case." (Tr. 24.) The Commissioner acknowledged the error in failing to cite to the record but urged the Court to find the error harmless in light of the ALJ other reasons for discounting the opinion.

By not citing to the record, the ALJ provides a conclusion on the doctor's credibility in the guise of findings. Without further explanation, the Court cannot assess the extent to which substantial evidence in the record support giving Dr. Root no weight.

This Court finds the ALJ erred by failing to support one of his reasons for according no weight to Dr. Root's opinion with an explanation and substantial evidence in the record.

### III. Listing 1.04

Ms. Terry also contends that the ALJ erred at step three of the sequential evaluation process by failing to evaluate whether her back problems qualifies as an impairment that meets or equals Listing 1.04 after she specifically argued the issue in her pretrial brief.

Step three of the sequential evaluation process "asks whether any 'medically severe impairment,' alone or in combination with other impairments," meets or equals "any of a number of listed impairments so severe as to preclude 'substantial gainful employment.'" *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the claimant's impairment(s) meets or equals the listing, the ALJ must find the impairment conclusively disabling. *See* 20 C.F.R. § 404.1520(d). If the impairment(s) does not meet or equal the listing, the claimant must establish at step four that his impairment prevents him from performing work he previously performed. *See* 20 C.F.R. § 404.1520(e), (f).

The Commissioner responds to Ms. Terry's argument asserting that any failure to discuss listing 1.04 constituted only harmless error because the evidence discussed at Steps Four and Five show that the ALJ found Ms. Terry's back issues did not meet the criteria for Listing 1.04. The Commissioner supports her position by relying on *Fischer-Ross v. Barnhart*.

Unfortunately, the ALJ does not discuss the issue of nerve root or spinal cord impingement and radiculopathy in Steps Four and Five. While the doctors' opinions discussed do address the issue, the lack of discussion by the ALJ makes it impossible to find the failure to discuss Listing 1.04 harmless error.

### IV.  RFC Determination

Ms. Terry argues the ALJ erred by failing to include all of her impairments in her RFC Assessment.  The Court agrees.

A claimant's residual functional capacity ("RFC") reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments.  See 20 C.F.R. §§ 404.1545, 416.945.  In determining the claimant's RFC, the decision maker considers all of the claimant's medically determinable impairments, including those considered not "severe."  *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

The ALJ acknowledges at Step Two that Ms. Terry has carpal tunnel syndrome but finds it is not a severe impairment.  The ALJ's RFC omits any analysis of the impact of the carpal tunnel syndrome on Ms. Terry's RFC.  Lacking any discussion of RFC, the Court cannot evaluate whether sufficient evidence supports the ALJ's finding.

Accordingly, the Court finds the ALJ failed to apply the proper legal standards in determining Ms. Terry's RFC.

Ms. Terry also argues the ALJ did not adequately account for her moderate restrictions on concentration, persistence, and pace in determining the RFC.  The Court encourages the ALJ to consider the concerns raised in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).  Because the Court has remanded the RFC on other grounds, it need not make a finding as to whether the ALJ erred in this additional respect.

### **CONCLUSION**

Based on the foregoing, the Court finds that substantial evidence does not support the Commissioner's decision, and the Commissioner failed to apply the legal standards correctly.  Therefore, the Court REMANDS the Commissioner's decision in this case.

DATED this August 6, 2015.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge